# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# BIG STONE GAP DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Case No. 2:04CR10028 |
| v. | ) | **OPINION** |
| | ) | |
| **KENNETH WAYNE FANNON,** | ) | By: James P. Jones |
| | ) | United States District Judge |
| Defendant. | ) | |

*Jennifer R. Bockhorst, Assistant United States Attorney, Abingdon, Virginia, for United States; Kenneth Wayne Fannon, Pro Se Defendant.*

The defendant, Kenneth Wayne Fannon, proceeding pro se, filed a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C.A. § 2255 (West Supp. 2012), alleging that his sentence is no longer valid in light of *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc) and *Carachuri-Rosendo v. Holder*, 130 S. Ct. 2577 (2010). After review of the record, I will grant the United States' Motion to Dismiss Fannon's § 2255 motion as untimely filed and without merit.

I

A grand jury of this court returned a two-count Indictment on April 6, 2004, charging Fannon with possession of nine firearms and ammunition as a felon and

as an unlawful drug user, in violation of 18 U.S.C.A. §§ 922(g)(1), 922(g)(3), and 924(e) (West 2006) (Count One), and possession of an explosive as a felon and unlawful drug user, in violation of 18 U.S.C.A. §§ 842(i)(1) and 842(i)(3) (West 2000 & Supp. 2012) (Count Two). In July 2004, Fannon pleaded guilty to Count One pursuant to a written plea agreement, in exchange for dismissal of Count Two. Fannon also waived his right to appeal and to bring a § 2255 motion.

At sentencing on October 4, 2004, I found that because Fannon had three prior violent felony and/or drug convictions, he was subject to a sentence enhancement under the Armed Career Criminal Act ("ACCA"), 18 U.S.C.A. § 924(e). I sentenced Fannon to the mandatory minimum fifteen-year sentence under the ACCA by Judgment entered on October 6, 2004. Fannon did not appeal his conviction or sentence.

Fannon signed and dated his § 2255 motion on September 12, 2011. He alleges that his sentence as enhanced under § 924(e) is invalid in light of *Simmons* and *Carachuri-Rosendo*. The court filed the § 2255 motion conditionally, notified Fannon that it appeared to be untimely under § 2255(f), and granted him an opportunity to submit any additional evidence and/or argument on the issue of timeliness, which he has done. The United States then filed its Motion to Dismiss, to which Fannon has responded. After review of the record, I find that Fannon's § 2255 motion is both untimely and without merit.

II

A person convicted of a federal offense has one year to file a § 2255 motion, starting from the latest of the following:

> (1)   the date on which the judgment of conviction becomes final;
>
> (2)   the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3)  the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4)  the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C.A. § 2255(f).  If the defendant does not appeal, his conviction becomes final when his opportunity to appeal expires.  *Clay v. United States*, 537 U.S. 522, 524-25, 532 (2003).

Fannon did not appeal the judgment entered against him on October 6, 2004. Therefore, his conviction became final on October 20, 2004, when his opportunity

to appeal expired.[1]  Fannon then had one year–until October 20, 2005–in which to file a timely § 2255 motion.  Because Fannon filed his § 2255 motion, at the earliest, on September 12, 2011,[2] his motion is untimely under § 2255(f)(1).

Fannon argues that the court should calculate his one-year filing period under § 2255(f)(3), because he filed his § 2255 motion within one year of the decision in *Simmons*, which held that hypothetical aggravating factors cannot be considered when calculating whether prior state conviction was punishable by more than one year.  The decision in *Simmons* cannot trigger § 2255(f)(3), since this section by its own terms applies only to claims based on a right newly recognized by a Supreme Court decision.  In *Simmons*, the Fourth Circuit applied a Supreme Court ruling in *Carachuri-Rosendo*.  Fannon cannot rely on the *Carachuri-Rosendo* decision to render his motion timely under § 2255(f)(3), however, because he did not file the motion within one year of that decision.[3]

---

[1] *See* Fed. R. App. P. 4(b)(1)(A) (former version, granting 10 days from judgment to file notice of appeal); Fed. R. App. P. 26(a) (former version, excluding weekend days and holidays from computation of time periods of 11 days or less and providing that a time period ending on a weekend day or holiday would conclude on next day that was not a weekend or holiday).

[2] A prisoner's habeas petition is deemed filed when he delivers it to prison officials for mailing to the court.  *See* Rule 3(d), Rules Governing § 2255 Proceedings.  Fannon signed and dated his § 2255 motion on September 12, 2011, and the United States agrees that the court may consider Fannon's § 2255 motion as filed on this date.

[3] *See Dodd v. United States*, 545 U.S. 353, 357 (2005) (interpreting limitations period in § 2255(f)(3) as commencing on date when the Supreme Court initially recognized the right asserted, not from the date on which the right asserted was made

Fannon fails to demonstrate that his § 2255 motion is timely under any subsection of § 2255(f).[4]

The statutory limitations period under § 2255(f), may be tolled for equitable reasons. *See, e.g., United States v. Prescott*, 221 F.3d 686, 688 (4th Cir. 2000) (applying equitable tolling to § 2255 motion); *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010) (finding same as to similar limitation period in 28 U.S.C.A. § 2244(d) for habeas petitions challenging state convictions). To warrant equitable tolling, the defendant must show two elements: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Lawrence v. Florida*, 549 U.S. 327, 336 (2007) (internal quotation marks and citation omitted). To satisfy the second prong of this analysis, the defendant must present "(1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time." *Rouse v. Lee*, 339

---

retroactively applicable). The Fourth Circuit has also ruled that the *Carachuri-Rosendo* decision did not recognize a retroactively applicable right as required to invoke § 2255(f)(3). *See United States v. Powell*, 691 F.3d 554, 559-60 (4th Cir. 2012) ("Because the Supreme Court's decision in *Carachuri* at most altered the procedural requirements that must be followed in applying recidivist enhancements and did not alter the range of conduct or the class of persons subject to criminal punishment, we hold that *Carachuri* is a procedural rule. It is, therefore, not retroactively applicable to cases on collateral review.").

[4] Fannon has not alleged facts on which his § 2255 motion could be deemed timely under § 2255(f)(2), based on the removal of an impediment, or § 2255(f)(4), based on newly discovered facts concerning his case that he could not have discovered earlier with due diligence.

F.3d.238, 246 (4th Cir. 2003) (en banc). The defendant has the burden to show entitlement to equitable tolling. *Holland*, 130 S. Ct. at 2562.

Fannon fails to make either of the factual showings necessary to apply equitable tolling here. Waiting more than seven years after the judgment to challenge his sentence does not support a finding of due diligence. Fannon asserts that his pro se status hampered his ability to research the complex legal issues later clarified in the *Simmons* decision. Fannon's limited legal knowledge is neither extraordinary nor a circumstance external to his control. *See United States v. Sosa*, 364 F.3d 507, 512 (4th Cir. 2004) ("[I]gnorance of the law is not a basis for equitable tolling").

Even if Fannon could state facts warranting equitable tolling, his *Simmons* claim is without merit. Section 924(e) mandates a fifteen-year ACCA mandatory minimum sentence for a defendant convicted of violating § 922(g) who has been convicted three times or more for a violent felony or a serious drug offense or both. 18 U.S.C.A. § 924(e)(1). Generally, for purposes of the ACCA enhancement, a "'serious drug offense'" is a drug trafficking crime punishable by a maximum term of ten years or more, while a "'violent felony'" is one "punishable by imprisonment for a term exceeding one year." § 924(e)(2)(B).

> The rule announced in *Simmons* does not compel [the court] to look to the actual sentence imposed on a defendant. (Pursuant to *Simmons*, in evaluating whether a defendant's prior state conviction qualifies as a felony under the ACCA, the actual sentence imposed is irrelevant.).

Instead, [the court must] focus on the maximum sentence that the defendant before the court could have received.

*United States v. Pulliam*, 474 F. App'x 134, 135 (4th Cir. 2012) (unpublished) (internal quotation marks and citations omitted).

For each of the three convictions used to qualify Fannon for the ACCA enhancement, the state court sentenced him to no more than one year imprisonment or probation.[5] Fannon, however, does not dispute that he was *eligible* for a sentence exceeding one year for each of these offenses under Virginia's discretionary sentencing guidelines. He accordingly fails to raise a successful challenge under *Simmons*.

III

For the stated reasons, Fannon's § 2255 motion is untimely under § 2255(f). He fails to demonstrate grounds for equitable tolling, and his *Simmons* claim is without merit. Therefore, I grant the Motion to Dismiss.

---

[5] Fannon's Presentence Investigation Report ("PSR") indicates that given Virginia's discretionary sentencing guidelines, he has three prior convictions in the Wise County Circuit Court that qualify him for an ACCA enhancement − a 1988 conviction for breaking and entering a store at nighttime (No. F88-12-00); a 1989 conviction for possession of a sawed off shotgun (No. F88-247); and a 1992 conviction for breaking and entering (No. F91-14-00). (PSR ¶¶25, 26, 29.)

A separate Final Order will be entered herewith.

DATED: December 19, 2012

/s/ James P. Jones
United States District Judge